JOSEPH A. BROWN v. JOHN K. BROWN.

CHANCERY PLEADINGS AND PRACTICE. *Upon remand from Supreme Court.* Upon the hearing of a case in the Supreme Court upon exceptions to a report, and an order is made remanding cause to complete account, no additional proof can be taken upon the items of the account passed upon by the court without a reference of the question is ordered or permission to further inquire as to the disputed point.

### FROM KNOX.

Appeal from the Chancery Court at Knoxville. W. B. STALEY, Ch.

INGERSOLL & COCKE, CORNICK, GREEN & CORNICK, for complainant.

A. S. PROSSER for defendant.

FREEMAN, J., delivered the opinion of the court.

This case involved an account between complainant as guardian of a lunatic brother. A report had been made by order of the chancellor, some years since, which report was excepted to by complainant, specifically because the clerk and master had allowed the services of John K. Brown, the ward, as a set-off against the expense of his maintenance, pointing out the proof showing the service to have been worthless.

The chancellor on the hearing disallowed this exception, from which decree an appeal was prosecuted to this court. The appeal was heard before the arbitration court, by which the decree of the chancellor

on this point was reversed, the opinion directing it, delivered by W. V. Deaderick, Esq., discussing clearly this point, and holding said service to be shown by the proof worthless.

The decree following this opinion says: "The court being of the opinion that it is shown by the witnesses who had the best means of information, that the labor of said John K. Brown was worthless, and that his care and maintenance far exceed the rental value of his one-fifth of the real estate, and that Joseph A. is entitled to compensation for the support and maintenance of John K. Brown, etc.; and that the chancellor erred in overruling complainant's exceptions to the report of the clerk and master, the court is pleased to order, adjudge and decree that the decree of the court below is reversed, and the cause remanded, and said Joseph A. then make his settlement."

It must be conceded, that the very question of the value of the services now in controversy, was specifically raised by exception in the court below, that this exception was overruled by the chancellor, and on appeal to this court, the decree overruling the exception was reversed, and on consideration of the testimony the court adjudged no allowance was to be made for these services, because worthless. The language and purpose is too plain for doubt.

The decree simply means a final adjudication of this question, and the effect of remanding to complete the account, is simply to adjudge that it shall be taken leaving out the disputed item.

The Commission of Referees so construed the decree,

but avoid the difficulty by holding that additional proof had been taken on this question.

This presents the question, whether when a case is prepared for adjudication by reference to the master, and he reports on the facts as then appearing—his report is excepted to and an appeal to this court, where the application is sustained, and the disputed question adjudged, then on remanding the case the party against whom the decree went in this court, can have the question reraised and readjudicated by adding additional testimony, no reference of the question being ordered, nor permission to further inquire as to the disputed point.

We hold the question was fairly adjudicated by the former judgment of this court, and the case being remanded to complete the account, that account was to be taken on the basis of the exclusion of the item thus adjudged.

The principle on which this rests is one of obvious propriety; on the opposite view, there would be nothing attained by the appeal to this court in such case, also the question might still be reopened on the account, and in case like this new testimony could always be had, and so the case practically have no end. Even if referred to the clerk of this court, new proof could as well be taken here as in the court below, acting under the order of this court, which in a case like this, it is but called on to execute.

The result is, the report of the Referees is disaffirmed, and a decree will be drawn in accord with this opinion. Costs to be paid by respondent.